## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

TONY BURKS,

        Plaintiff,

        v.

I.C. SYSTEM, INC.,

        Defendant.

Case No.

COMPLAINT AND DEMAND FOR JURY TRIAL

## COMPLAINT

TONY BURKS (Plaintiff), through his attorneys, alleges the following against IC SYSTEM, INC. (Defendant):

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2.     Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.     Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

5.     Because Defendant conducts business in the State of Minnesota, personal jurisdiction is established.

6.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7.     Plaintiff is a natural person who resides in Raleigh, Wake County, North Carolina and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8.     Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in St Paul, Minnesota.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.     Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     In or around 2014, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

12.     Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13.     Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 919-423-18XX.

14.     Defendant places telephone calls from numbers including, but not limited

-2-

to, 208-515-7484.

15.    Based on the timing and frequency of Defendant's calls and per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

16.    On or around August 26 2014, Plaintiff received a call from Defendant and spoke to Defendant's representative.

17.    During the course of the telephone conversation on or around August 26, 2014, Plaintiff informed Defendant that he couls not presently pay the alleged debt, informed Defendant that its calls were harassing, disputed the alleged debt, and requested that Defendant cease placing calls to his cellular telephone.

18.    Plaintiff revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on his cellular telephone on or around August 26, 2014.

19.    Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff and Plaintiff's mother at 252-243-54XX.

20.    Despite Plaintiff's request to cease, Defendant placed at least seventy-four (74) collection calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

      a.  Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

-3-

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

23. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

24. Any other relief that this court deems to be just and proper.

**COUNT II**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

25. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

-4-

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

27. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

28. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

29. All court costs, witness fees and other fees incurred; and

30. Any other relief that this Honorable Court deems appropriate.

Dated: March 25, 2015

By: /s/ Shireen Hormozdi_____
Shireen Hormozdi
1770 Intrial Trail Liburn Rd. #175
Norcross, Ga 30093
Tel:  (678) 960-9030
Email: shormozdi@consumerlawcenter.com
***Attorney for Plaintiff***

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TONY BURKS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF *North Carolina*

                      ) ss.

COUNTY OF *WAKE*   )

Plaintiff, TONY BURKS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


_____
TONY BURKS

-6-